United States District Court
Southern District of Texas
**ENTERED**
September 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRK L. BRANNAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-73 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the court is the defendants' unopposed motion for summary judgment. Dkt. 14. The defendants filed and served the motion on October 30, 2019. *Id.* The plaintiff's deadline to respond to the motion was on November 20, 2019. To date, the plaintiff has not filed a response to the motion.

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

Initially, the movant bears the burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the

movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary-judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir.1994).

It is well established in the Fifth Circuit that "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004), citing *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir.1988); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985). Nevertheless, if no response has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2, *citing id.*; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary-judgment evidence and movant's evidence may be accepted as undisputed). *See also UNUM Life Ins. Co. of America v. Long*, 227 F.Supp.2d 609 (N.D.Tex.2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996) ("A summary[-]judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary[-]judgment

evidence."). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994).

After reviewing the record and applicable law, the court accepts the evidence submitted by the defendants' as undisputed and finds the defendants' evidence is sufficient to support their motion. Accordingly, it is ordered that the defendants' motion for summary judgment (Dkt. 14) is granted and each of the plaintiff's claims are dismissed with prejudice.

SIGNED on Galveston Island on this, the 15th day of September, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE